STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTOPHER J. CARLBERG (CABN 269242)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6838
    Fax: (415) 436-7234
    christopher.carlberg2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ISAIA ARTIAGA-CRUZ,<br>    a/k/a, "Isaias Yafeth Arteaga-Cruz,"<br><br>    Defendant. | CASE NO. 3:22-CR-71182-MAG<br><br>MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION<br><br>Date:  October 7, 2022<br>Time:  10:30 a.m.<br>Court:  Hon. Thomas S. Hixson |

## I. INTRODUCTION

Isaia Artiaga-Cruz is a flight risk. He has few ties to the Bay Area community and has close personal ties to his country of birth, Honduras. Further, he has demonstrated he does not abide by court-ordered conditions of release. While facing California state court criminal charges based on the same conduct as alleged here, on August 22, 2022, Artiaga-Cruz was ordered to stay at least 150 yards away from 50 United Nations Plaza in the Tenderloin area of San Francisco. Yet, this week, on October 4, 2022, before he was arrested on these federal charges, Artiaga-Cruz was seen within that stay-away boundary—a high-crime area that has been devastated by the fentanyl crisis—with nearly $2,000 in cash after being arrested there weeks before with nearly on pound of suspected fentanyl and a loaded gun.

Finally, Artiaga-Cruz has run from the police. Before he was arrested on October 4, he first ran from officers. There are no conditions or combinations of conditions that will reasonably assure Artiaga-Cruz's appearance for trial. The government respectfully requests that the Court order the defendant detained pending trial.

## II.     FACTUAL BACKGROUND

As the complaint alleges, on August 18, 2022, Artiaga-Cruz was arrested by San Francisco Police Department (SFPD) and Drug Enforcement Administration (DEA) Task Force officers after he sold cocaine base to an undercover police officer. *See* Dkt. 1. When Artiaga-Cruz was arrested, he had on him and in his backpack over 450 grams (nearly a pound) of suspected fentanyl, 6.2 grams of suspected cocaine base, 3.1 grams of suspect methamphetamine, a digital scale, $642 in U.S. currency, and a loaded 9-milimeter privately manufactured firearm (PMF). The Alameda County Sheriff's Office Criminal Laboratory tested a subset of those suspected narcotics and determined what it tested to be 26.66 grams of fentanyl, 4.92 grams of cocaine base, and 2.17 grams of methamphetamine.

On October 4, 2022, while Artiaga-Cruz was out of custody with pending state criminal charges, SFPD and DEA Task Force officers saw Artiaga-Cruz near the intersection of Hyde Street and Fulton Street in the Tenderloin. Artiaga-Cruz had an active stay-away order from his California state court case to stay away from the area within 150 yards from 50 United Nations Plaza until August 22, 2025. When the officers observed Artiaga-Cruz, he was within the area bounded by the stay-away order. When the officers attempted to make contact with Artiaga-Cruz and place him under arrest, he ran. While pursuing Artiaga-Cruz, one of the officers inadvertently collided with a member of the public on the corner of Larkin Street and Turk Street, knocking him to the ground. The officers eventually arrested Artiaga-Cruz without further incident. Artiaga-Cruz had $1,949 on his person at the time of his arrest.

The Pre-Bail Report indicates that Artiaga-Cruz was born in Honduras, and his father and some of his siblings live there. *See* Dkt. 5. Artiaga-Cruz has been "couch-surfing" at a friend's residence in San Francisco for one year, and was in Hayward, California for a year before that. *Id.* He reported no employment.

//
//

## III. LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *See id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## IV. ARGUMENT

Pretrial detention is appropriate because the defendant's record demonstrates that he is a danger to the community and a significant flight risk.

### A. The Defendant Is a Danger to the Community.

The nature and circumstances of the offense and weight of the evidence against Artiaga-Cruz demonstrate he is a danger to the community. At the time of his arrest for selling narcotics, on August 18, 2022, the defendant possessed a loaded privately manufactured firearm. That alone is sufficient to find that the defendant poses a danger to the community. *See, e.g.*, *United States v. Brewer*, 2013 WL 791312, at *2 (N.D. Cal. 2013) (carrying a loaded firearm weighed in favor of detention because it "indicate[d] that [the defendant] may be violent and pose a danger to the community"). Selling dangerous

narcotics, like fentanyl, also poses a danger to the community. *See, e.g.*, *United States v. Alfonso Ramos*, No. 3:20-mj-71799-MAG-1, 2020 WL 7714535, at *3 (N.D. Cal. Dec. 29, 2020) (sale of eight ounces of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs"). That danger rises higher when the defendant was carrying a loaded firearm with close to a pound of fentanyl for sale on August 18, 2022. As context, the DEA estimates that a mere two milligrams (0.002 grams) of fentanyl can be lethal depending on a person's body size, tolerance, and past usage. The fentanyl the defendant had on his person (totaling over 400 grams) was over 200,000 times that amount.

### B.     The Defendant Poses a Significant Flight Risk.

The preponderance of the evidence here supports a finding that Artiaga-Cruz is a flight risk.

First, Artiaga-Cruz has shown that he does not respect court-ordered restrictions on his movements. Less than two months ago, he was ordered by a California state court to stay at least 150 yards away from 50 United Nations Plaza. Yet, this past Tuesday, officers saw him across the street from that building. Artiaga-Cruz's quick return to this area of the Tenderloin—close to where he was arrested in August while selling cocaine base and possessing nearly a pound of fentanyl—shows that he cannot be trusted to adhere to Court-ordered terms of supervised release.

Second, Artiaga-Cruz ran from the police on October 4 to evade arrest. He faces the possibility of significant prison time on the present charges and has shown he will run from law enforcement.

Third, Artiaga-Cruz has few ties to the community, and strong personal ties to Honduras. Aside from a sister who lives in Oakland, it appears the majority of Artiaga-Cruz's family lives in Honduras. Artiaga-Cruz does not have a permanent place to reside in the Bay Area—for a year, he has been "couch surfing" at a friend's residence for which Artiaga-Cruz does not remember the address. *See* Dkt. 5 at 1. Artiaga-Cruz reported no employment, though when he was arrested in August he had $642 on him, and he had $1,949 on him when he was arrested this week. Those are substantial funds of unknown origin. If released, Artiaga-Cruz could flee to family homes abroad, and he appears to have the means to do so. When the alternative is incarceration, it seems Artiaga-Cruz very well could choose to flee.

Finally, the weight of the evidence and the potential sentence here increase the risk that Artiaga-Cruz might flee. Strong evidence of the defendant's guilt "make it more likely that he will flee," because

the defendant has less incentive to stay and litigate the case. *United States v. Gebro*, 948 F.2d 1118,1122 (9th Cir. 1991). Here, an undercover police officer bought cocaine base directly from Artiaga-Cruz, and his arrest and the recovery of more narcotics and the firearm from him was witnessed by several officers and video-recorded. In sum, the preponderance of the evidence here shows that Artiaga-Cruz is a flight risk.

## V.   CONCLUSION

There are no set of conditions that will reasonably assure the appearance of the defendant at court proceedings or ensure the safety of the community. For the foregoing reasons, the government joins Pretrial Services's recommendation that Artiaga-Cruz be detained.

DATED: October 6, 2022                                  Respectfully submitted,

                                                        STEPHANIE M. HINDS
                                                        United States Attorney


                                                        */s/ Christopher J. Carlberg*
                                                        CHRISTOPHER J. CARLBERG
                                                        Special Assistant United States Attorney